**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 25 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CLIFFORD B. DANDO, JR.

      Defendant - Appellant.

No. 00-2508

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CR-98-422-JC)**

---

Judith A. Rosenstein, Assistant Federal Public Defender, Albuquerque, New Mexico, for Defendant-Appellant.

David Williams, Assistant United States Attorney (Laura Fashing, Assistant United States Attorney and Norman C. Bay, United States Attorney, on the brief), Albuquerque, New Mexico, for Plaintiff-Appellee.

---

Before **HENRY**, **BALDOCK**, and **MURPHY**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

Defendant Clifford B. Dando appeals a district court order amending his criminal judgment to impose restitution pursuant to 18 U.S.C. § 3664(d)(5). Defendant asserts the district court lacked jurisdiction to amend the original criminal judgment. This court has

jurisdiction pursuant to 18 U.S.C. § 3742(a)(1). We affirm.

I.

On March 27, 2000, Defendant pled guilty to misdemeanor assault of a child under 16 years of age in Indian Country in violation of 18 U.S.C. § 113(a)(5) and 18 U.S.C. § 1153. Defendant pled guilty pursuant to a Fed. R. Crim. P. 11(e)(1)(C) plea agreement. In the agreement, Defendant acknowledged he was pleading guilty to a crime of violence under 18 U.S.C. § 16(a), and that restitution was mandatory under 18 U.S.C. § 3663A.

At the sentencing hearing on June 20, 2000, the district court accepted the plea agreement, but did not order restitution because the victim had not yet submitted a restitution request to the court.[1] The court did not set a date for finalizing restitution. The July 7, 2000 judgment order also did not impose restitution. Thirty-six days after the sentencing hearing, the Government moved pursuant to 18 U.S.C. § 3664(d)(5), to amend the judgment to include restitution. Defendant opposed the motion, arguing the district court did not have jurisdiction to amend the judgment. On August 30, 2000, seventy-one days after sentencing, the court held a hearing on the Government's motion and indicated its intent to order restitution pursuant to 18 U.S.C. § 3664(d)(5). At defense counsel's request, the court continued the hearing so Defendant could be present. Subsequently,

---

[1] The court stated: "Pursuant to the Mandatory Restitution Act of 1996, the Court finds that the victim or victim's treatment agency has not submitted a request for restitution, and, therefore, at this time, the Court will not impose restitution." (emphasis added).

2

Defendant filed a motion for an evidentiary hearing concerning the amount of restitution. After an evidentiary hearing, the district court entered an order on December 13, 2000 amending the judgment and ordering Defendant to pay restitution.

II.

The Mandatory Victims Restitution Act (MVRA) requires the court to order restitution in any case involving a conviction for an offense that constitutes a crime of violence as defined by 18 U.S.C. § 16(a), including misdemeanor assault. 18 U.S.C. § 3663A(a)(1).[2] The procedures for issuing and enforcing a restitution order are set forth in 18 U.S.C. § 3664. Under § 3664(a), the sentencing court must direct the probation officer to report to the court information sufficient for the court to exercise its discretion in fashioning a restitution order, including an accounting of victim losses, any restitution owed pursuant to a plea agreement, and information concerning the defendant's financial resources. Id. at § 3664(a). The court must disclose the information to the defendant and to the Government. Id. at § 3664(b). The MVRA also provides procedures pursuant to which the court has authority after sentencing to order restitution and to amend restitution

---

[2] The statute provides:

Notwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court shall order, in addition to, or in the case of a misdemeanor, in addition to or in lieu of, any other penalty authorized by law, that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate.

18 U.S.C. § 3663A(a)(1) (emphasis added).

3

orders:

> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

Id. at § 3664(d)(5).

Defendant asserts the Government and the district court failed to follow the procedures necessary for the court to acquire jurisdiction under 18 U.S.C. § 3664(d)(5). The Government or probation office failed to notify the court prior to sentencing that the victim's losses were not ascertainable, as mandated by § 3664(d)(5). The district court failed to follow statutory procedures in deferring entry of the restitution order. According to Defendant, because the district court failed to assert its power at sentencing to defer entry of a restitution order, and failed to enter a restitution order within ninety days of sentencing, the court lacked jurisdiction to order Defendant to pay restitution. The Government concedes the district court failed to follow statutory procedures, but contends a district court is not required to strictly adhere to the procedures to obtain jurisdiction. We review de novo the district court's assertion of jurisdiction. United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997).

4

III.

A district court does not have inherent authority to modify a sentence. See United States v. Blackwell, 81 F.3d 945, 949 (10th Cir. 1996). The court's authority to order restitution post-sentencing derives solely from the statutory grant of jurisdiction in 18 U.S.C. § 3664(d)(5).[3] The notice and time requirements imposed by jurisdictional statutes generally are mandatory. Courts lack authority to act in cases where the litigants have not satisfied these requirements. See Torres v. Oakland Scavenger Co., 487 U.S. 312, 315 (1988); United States v. Smith, 182 F.3d 733, 734 (10th Cir. 1999). Procedural requirements, however, are liberally construed. Torres, 487 U.S. at 317 ("[I]f a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires."); Smith, 182 F.3d at 734 (court has jurisdiction if motion filed is the "functional equivalent" of what the rules require). We see no reason why the analysis should differ when the court asserts jurisdiction pursuant to 18 U.S.C. § 3664(d)(5). The district court's failure to follow statutory procedural requirements will not deprive the court of jurisdiction if the actions taken provided the functional equivalent of the statutory procedures. See Smith v. Barry,

---

[3] The Government properly concedes Fed. R. Crim. P. 35 and 36 do not provide the district court authority to order restitution in this case. A court's authority under Rule 35 is limited to correcting technical or arithmetic errors within 7 days after imposing the original sentence. Rule 36 is limited to clerical mistakes.

502 U.S. 244, 248-49 (1992); Smith, 182 F.3d at 734.

In this case, the district court erred by failing to follow the statutory notice provisions. Although the court referred to the Mandatory Victims Restitution Act during sentencing, the court should have clarified at sentencing and in the judgment order that it was holding the matter of restitution open. The court also should have set a date at sentencing for determining the restitution amount. See 18 U.S.C. § 3664(d)(5). Defendant, however, received the functional equivalent of the notice required by the statute. Defendant signed a plea agreement in which he acknowledged restitution was mandatory. Although the district court did not specifically announce its intent to order restitution, and did not establish a date to finalize the restitution amount, the sentence hearing transcript clearly indicates the court recognized restitution was mandatory and considered the matter open. Because Defendant was aware restitution was mandatory and aware the matter was left open at sentencing, Defendant could not have any expectation of finality in the judgment entered.[4] Defendant received notice of the Government's restitution calculations thirty-five days prior to the hearing on the Government's motion and had ample opportunity to object to the restitution amount.

---

[4] The provision authorizing the court to defer restitution until the victims' losses have been calculated is intended to benefit the victims. See United States v. Grimes, 173 F.3d 634, 639 (7th Cir. 1999). The legislative history indicates Congress intended the 90-day limitation period to protect victims against the dissipation of defendants' assets and not to protect defendants from a drawn-out sentencing process or to establish finality. See United States v. Stevens, 211 F.3d 1, n. 2 (2d Cir. 2000). The statute expressly provides procedures pursuant to which victims can request additional compensation for additional losses discovered at any time in the future. See 18 U.S.C. § 3664(d)(5).

The district court also failed to enter a restitution order within ninety days.  Under the plain language of the statute, the district court "shall" set a date for the final determination within ninety days of sentencing.  Id. at § 3664(d)(5).[5]  See also United States v. Maung, 267 F.3d 1113, 1121 (11th Cir. 2001) (reading the provision as requiring the district court to enter an initial restitution order within 90 days of sentencing); accord United States v. Jolivette, 257 F.3d 581, 584 (6th Cir. 2001); United States v. Stevens, 211 F.3d 1, 5 (2d Cir. 2000);  United States v. Grimes, 173 F.3d 634, 639-40 (7th Cir. 1999).  In this case, the court entered the initial restitution order 176 days after sentencing.

The statute's time prescriptions, however, are subject to equitable tolling.  See Stevens, 211 F.3d at 4-5 (tolling the 90-day period where the defendant's purposeful misconduct caused the delay); see also Carlisle v. United States, 517 U.S. 416, 435 (1996) (Ginsberg, J., concurring) (time prescriptions generally are subject to equitable tolling even in jurisdictional statutes).[6]  The Government moved to file a restitution order well

---

[5]  Although § 3664(d)(5) establishes a 90-day period for the "final determination of the victim's losses" rather than referring directly to the restitution order, each of the other circuits to address the issue have construed "final determination" as referring to the entry of the restitution order.  See United States v. Jolivette, 257 F.3d 581, 584 (6th Cir. 2001); United States v. Maung, 267 F.3d 1113, 1121 (11th Cir. 2001); United States v. Stevens, 211 F.3d 1, 5 (2d Cir. 2000);  United States v. Grimes, 173 F.3d 634, 639-40 (7th Cir. 1999).  We agree.  "[T]he provision that a victim may 'petition the court for an amended restitution order' would have no meaning unless the order had been entered."  Stevens, 211 F.3d at 4.

[6] Although we have strictly enforced time period requirements imposed by the

(continued...)

7

within the ninety-day time frame established by the statute. Although the district court did not impose restitution within ninety days, the delay was due to Defendant's request for a continuance and for an evidentiary hearing. Where a defendant's own conduct delayed the timely entry of a restitution order, the defendant cannot insist on strict conformity with the statute's time prescriptions. Stevens, 211 F.3d at 5.

Because the district court proceedings provided the functional equivalent of the notice required by the statute, and because defendant's request for a continuance and an evidentiary hearing tolled the statutory time period, we conclude the district court had jurisdiction to enter a restitution order pursuant to 18 U.S.C. § 3664(d)(5).

Accordingly, the district court order amending the judgment and ordering restitution is AFFIRMED.

---

[6](...continued)
Federal Rules of Appellate Procedure, the Rules establish procedures pursuant to which the opposing party and the courts receive adequate notice of the appeal. The Mandatory Victims Restitution Act confers rights on victims, not criminals. See United States v. Grimes, 173 F.3d 634, 639 (7th Cir. 1999). "Congress could not have intended to permit offenders to subvert the [MVRA] by using dilatory maneuvering to defeat an order of restitution." Stevens, 211 F.3d at 4.