SMITH, Circuit Judge,
concurring.
Judge Fisher has written well, and convincingly, and I join his opinion without reservation — save for section III(C). I write separately because recourse to legislative history, as occurs in section III(C), is unnecessary as the statutory language of § 1129(b)(2)(A) is unambiguous. “[R]e-course to legislative history or underlying legislative intent is unnecessary when a statute’s text is clear and does not lead to an absurd result.” Hay Group, Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404, 406 (3d Cir.2004) (internal quotation marks omitted); Lamie v. United States Tr., 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004); AT&T Inc. v. Fed. Commc’ns Comm’n, 582 F.3d 490, 496-98 (3d Cir.2009); Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery, 330 F.3d 548, 559 (3d Cir.2003) (en banc); United States ex rel. Mistick PBT v. Housing Auth. of the City of Pittsburgh, 186 F.3d 376, 395 (3d Cir.1999); see United States v. Terlingo, 327 F.3d 216, 221 n. 1 (3d Cir.2003) (Becker, J.) (“[W]e may only look to legislative history if [the] plain meaning produces a result that is not just unwise but is clearly absurd.”) (internal quotation marks omitted); see also Mitchell v. Horn, 318 F.3d 523, 535 (3d Cir.2003) (Ambro, J.) (“We do not look past the plain meaning unless it produces a result demonstrably at odds with the intentions of its drafters ... or an outcome so bizarre that Congress could not have intended it[.]”) (internal quotation marks and citations omitted). This approach to statutory interpretation “respects the words of Congress” and “avoid[s] the pitfalls that plague too quick a turn to the more controversial realm of legislative history.” Lamie, 540 U.S. at 536, 124 S.Ct. 1023.
I sympathize with the dissent’s desire to honor what it believes was Congress’s intent in codifying § 1129(b)(2)(A).[1] But the *319 near-gymnastics required to reach its conclusion reveal the tenuous nature of this approach. As sensible as the dissent’s approach to credit bidding may be, I simply cannot look past the statutory text, which plainly supports the conclusion that § 1129(b)(2)(A) does not require credit bidding in plan sales of collateral free of liens. Section 1129(b)(2)(A) uses the word “or” to separate its subsections. “ ‘[0]r’ is not exclusive!.]” 11 U.S.C. § 102(5). Thus, satisfaction of any of the three subsections is sufficient to meet the fair and equitable test of § 1129(b)(2)(A). “Congress, of course, remains free to change [our] conclusion [regarding § 1129(b)(2)(A) ] through statutory amendment.” Small v. United States, 544 U.S. 385, 394, 125 S.Ct. 1752, 161 L.Ed.2d 651 (2005); Lamie, 540 U.S. at 542, 124 S.Ct. 1023 (“If Congress enacted into law something different from what it intended, then it should amend the statute to conform it to its intent.”). For now, we are required to apply the statute as written, and I am satisfied that its plain text amply supports the result reached by the majority.

. That being said, I fear that the dissent's interest in the policy underlying § 1129(b)(2)(A), as evidenced by its reliance on an unpublished manuscript, Dissenting Op. Section 1(A), and a trade publication article, id. at Section 11(B), both of which prescribe a disposition for the very appeal we are tasked with deciding, has led it astray. There may be sound, policy reasons for the dissent's approach, but such reasons cannot overcome the plain meaning of § 1129(b)(2)(A). See DiGiacomo v. Teamsters Pension Trust Fund of Philadelphia and Vicinity, 420 F.3d 220, 228 (3d Cir.2005). "We do not sit here as a policy-making or legislative body.” Id.; Cybergenics Corp., 330 F.3d at 587 (Fuentes, J., dissenting) (joined by Sloviter, Alito, Smith, JJ.) ("[T]he Supreme Court has rejected the notion that the federal courts have any policy-making role in construing clear statutory language.”); see Lamie, 540 U.S. at 538, 124 S.Ct. 1023 (“Our unwillingness to soften the import of Congress' chosen words even if we *319 believe the words lead to a harsh outcome is longstanding.”).