**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Curtis James REANO, Defendant–Appellant.**

No. 01–2287.

United States Court of Appeals, Tenth Circuit.

Aug. 14, 2002.

Submitted on the briefs: * David C. Iglesias, United States Attorney and J. Miles Hanisee, Assistant U.S. Attorney, Albuquerque, New Mexico, for Plaintiff–Appellee.

Judith A. Rosenstein, Assistant Federal Public Defender, Albuquerque, New Mexico, for Defendant–Appellant.

Before EBEL, ANDERSON, and HENRY, Circuit Judges.

HENRY, Circuit Judge.

Curtis James Reano appeals a district court's imposition of restitution pursuant to 18 U.S.C. § 3664(d)(5). Mr. Reano asserts that the district court erred when it entered a restitution order in the absence of any proof of loss incurred by the victim. We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(1), and we (1) vacate the contested restitution order, and (2) remand for proceedings consistent with this order and judgment.

## I. BACKGROUND

On April 5, 2001, Mr. Reano pleaded guilty, in the United States District Court for the District of New Mexico, to assault resulting in serious bodily injury in Indian country, in violation of 18 U.S.C. §§ 113(a)(6) and 1153. Mr. Reano's guilty plea acknowledged that he was subject to "restitution as may be ordered by the Court." Rec. doc. 37, at 2 (Plea Agreement). The presentence report, dated June 25, 2001, noted that attempts to contact the victim had been unsuccessful, that a medical billing inquiry had been sent to determine whether restitution was owed for medical services provided to the victim, and that the Court would be notified if restitution was requested. *See* Rec. vol. III ¶ 21 (Presentence Investigation Report) ("Should a request for restitution be made or if it is determined restitution is owed, this information will be forwarded to the Court.").

At the sentencing hearing held on August 8, 2001, the district court accepted Mr. Reano's plea agreement. In consider-

* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

ing the appropriate sentence, and in particular the possibility of restitution pursuant to the Mandatory Victims' Restitution Act (the "MVRA"), 18 U.S.C. §§ 3663A & 3664, the court noted that the government had not provided any information regarding the losses suffered by the victim of Mr. Reano's assault. Thus, initially, the court declined to impose restitution. After a colloquy with defense counsel, however, the court decided to impose restitution of $10,000, "based on [the judge's] knowledge of what hospitals cost." Rec. vol. II, at 19 (tr. of sentencing hr'g).

On appeal, Mr. Reano presses two contentions of error. First, Mr. Reano contends that the district court lacked the authority to impose restitution without making record-based factual findings concerning the victim's losses. Second, he asserts that the district court lacked the authority to impose restitution because the government failed to abide by the MVRA's procedural guidelines.

## II. DISCUSSION

### A. Standard of Review

 We review an order of restitution for an abuse of discretion. *See United States v. Messner*, 107 F.3d 1448, 1455 (10th Cir.1997). "An abuse of discretion occurs when, for example, the trial court fails to consider the applicable legal standard upon which [the court's] discretionary judgment is based." *Id.*

### B. The MVRA

The MVRA requires the court to order restitution in any case involving a conviction for an offense that constitutes a crime of violence as defined by 18 U.S.C. § 16(a), including assault resulting in serious bodily injury. *See* 18 U.S.C. § 3663A(a)(1) ("[W]hen sentencing a defendant convicted of [assault resulting in serious bodily injury, *see* § 3663A(c)(1)(A)(i),], the court shall

order . . . that the defendant make restitution to the *victim of the offense*.").

The MVRA also delineates the procedures for issuing and enforcing a restitution order. Under § 3664(a), the sentencing court must direct the probation officer to report to the court information sufficient for the court to exercise its discretion in fashioning a restitution order. This information must include, to the extent practicable, an accounting of victim losses, any restitution owed pursuant to a plea agreement, and information concerning the defendant's financial resources. The probation officer must provide this information to the court no later than sixty days before the date of the sentencing hearing. *See id.* § 3664(d)(1). In addition:

> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

*Id.* § 3664(d)(5).

### C. The District Court's Imposition of Restitution

 The government acknowledges that 18 U.S.C. § 3664(a) directs that *before* making an order of restitution, the district court should review, to the "extent practicable, a complete accounting of the losses." 18 U.S.C. § 3664(a). The district court "must support its restitution order with findings of fact in the record." *United*

States v. Julian, 242 F.3d 1245, 1248 (10th Cir.2001). Here, the government concedes that the absence of record-based evidence in support of the district court's restitution order renders that order erroneous; the government does insist, however, that we should remand so that the district court may impose restitution based upon the record.

The government, however, does not suggest that it complied with the sixty-day notice requirement of § 3664(d)(1) or with the ten-day notice requirement of § 3664(d)(5). Apparently, the government provided the district court with no information or update on the investigation concerning the victim's losses either before or even at sentencing. The government seeks to excuse this failure by arguing that the presentence report put the court and Mr. Reano on notice that the victim's losses were unascertainable at the time of sentencing. Also, the government maintains (1) that it requested more time to develop the record at the sentencing hearing, and (2) that this request served as a request for deferred restitution.

In contrast, Mr. Reano contends that, because the government failed to either (1) follow the statutory procedures necessary to establish proof of loss or (2) seek a deferred restitution order pursuant to § 3664(d)(5), the government may no longer seek restitution and the district court is now without power to order restitution.

## D. The Authority of the District Court to Impose Restitution

1. The government and the district court failed to follow the MVRA's procedural requirements

We recently observed:·
The court's authority to order restitution post-sentencing derives solely from the statutory grant of jurisdiction in 18 U.S.C. § 3664(d)(5). · The notice and time requirements imposed by jurisdic-

tional statutes generally are mandatory. Courts lack authority to act in cases where the litigants have not satisfied these requirements. ·
United States v. Dando, 287 F.3d 1007, 1009–10 (10th Cir.2002) (footnote omitted).

■ In this case, neither the government nor the district court followed the procedural requirements of the MVRA. The government, for one, offered a presentence report that explicitly states that "[s]hould a request for restitution be made ... this information will be forwarded to the court," Rec. vol. III, at 21 (Presentence Investigation Report), and then, at the sentencing hearing held six weeks later, without presenting any supporting documentation, argued that restitution should be made. The district court, on the other hand, did enter a restitution order with no basis in the record. Given these improprieties, our decision to vacate the district court's restitution order is easily made.

2. The procedural process on remand

A more difficult issue is whether we may remand to provide the government a second or third opportunity to introduce evidence supporting the imposition of restitution. On this issue, the legislative history of the MVRA and our procedural precedent require our conclusion that the district court, on remand, retains the authority to order restitution in this case, that is, at least presuming the introduction of evidence supporting such an award.

■ As to the legislative history, the MVRA's primary purpose is to force offenders to "pay full restitution to the identifiable victims of their crimes." S.Rep. No. 104–179, at 12 (1996), reprinted in 1996 U.S.C.C.A.N. 924, 925. "This legislation is needed to ensure that the loss to crime victims is recognized, and that they receive the restitution that they are due.

It is also necessary to ensure that the offender realizes the damage caused by the offense and pays the debt owed to the victim as well as to society." *Id.*

As to our precedent, in *Dando,* we interpreted the MVRA. In so doing, we noted that "[p]rocedural requirements are liberally construed," *Dando,* 287 F.3d at 1010. We further determined that, when Congress enacted the MVRA, "Congress intended the 90 day limitation period to protect victims against the dissipation of defendants' assets and not to protect defendants from a drawn-out sentencing process or to establish finality." *Id.* at 1010 n. 4. "The statute expressly provides procedures pursuant to which victims can request additional compensation for additional losses discovered at any time in the future." *Id.* We concluded that a "district court's failure to follow statutory procedural requirements [will] not deprive the court of jurisdiction if the actions taken provided the functional equivalent of the statutory procedures." *Id.* at 1010.

In *Dando,* the government requested restitution by providing the court with the victim loss information within ninety days of sentencing. This served as the functional equivalent of the statutory procedures. *See* 18 U.S.C. § 3664(d)(1)(5). The *Dando* court ultimately ordered restitution after the ninety day period, noting that the ninety day period had been equitably tolled by notice given to the defendant and through the defendant's request for a deferred hearing.

Here, we have errors by both the district court and the government in failing to adhere to the procedural rules. To date, the government appears to have made no effort to provide any evidence of the relevant victim's losses. Indeed, the government has yet to represent that such information is even available. The government relies instead upon (1) the notice of the likelihood of the imposition of restitution

given at sentencing and (2) the plea agreement's provision regarding restitution. Although we recognize that Mr. Reano will suffer little prejudice if we remand for imposition of restitution in accordance with the statute, we note that a dual purpose of the MVRA is to streamline and unify the procedural process for the issuance of restitution orders:

> Additionally, the bill has the further purposes of establishing one set of procedures for the issuance of restitution orders in Federal criminal cases.... Finally, this legislation is needed to replace an existing patchwork of different rules governing orders of restitution under various Federal criminal statutes with *one consistent procedure.*

S.Rep. No. 104–179, at 12 (1996), reprinted in 1996 U.S.C.C.A.N. 924, 925 (emphasis added). As stated, we do not condone the government's defiance of congressionally mandated procedural rules. Instead, we strongly urge the government to reexamine the manner in which it endeavors to seek restitution under the MVRA.

■ Nevertheless, in a holding that we intend to be quite limited, we conclude that, based on the proceedings before us, the imposition of restitution at sentencing put the defendant on notice that restitution would be imposed and thus served as the functional equivalent of the notice required under the MVRA. Furthermore, the subsequent appeal of this order equitably tolled the ninety day period. *See Dando,* 287 F.3d at 1011 ("The statute's time prescriptions ... are subject to equitable tolling."); *see also Carlisle v. United States,* 517 U.S. 416, 434–35, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) (Ginsburg, J., concurring) (noting that time prescriptions generally are subject to equitable tolling even in jurisdictional statutes). We remand so that the district court may hold an evidentiary hearing within the 90–day period at which

the government must present its proof, the defendant may make appropriate challenges, and the parties will create a record sufficient for any review that we may be asked to make. We note that any restitution order must be ordered within ninety days of the date of the issuance of this mandate. *See United States v. Jolivette,* 257 F.3d 581, 584–85 (6th Cir.2001) (noting that if "there was no timely judicial determination of the restitution amount, the judgment contain[ed] no enforceable restitution provision"). We encourage the government to promptly provide to the district court any information regarding the victim's losses.

### III. CONCLUSION

For the foregoing reasons we VACATE the district court's restitution order and REMAND for entrance, within ninety days, of any restitution order properly grounded in record evidence.