**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 24 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

DOMINIC ANDREW ROLLINS,

  Defendant - Appellant.

No. 02-1440
(D.C. No. 01-CR-58-03-D)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA** , Chief Judge, **PORFILIO** and **BALDOCK** , Circuit Judges.

---

  After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

  The defendant was convicted, following the entry of a guilty plea, of brandishing a firearm during the commission of a crime of violence. His only

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument on appeal is that the district court erred in failing to reduce the amount of restitution by the amount of funds which were forfeited. We affirm.

The defendant was charged with one count of bank robbery in addition to the firearm count. Following the entry of his plea to the firearm count, he was sentenced to 83 months incarceration and ordered to pay $57,295.00 in restitution. This amount represents the full amount taken from the bank. Almost $20,000, however, was recovered when the defendant and one of his co-defendants were arrested in Texas by state authorities on state charges. Although the recovered funds were retained by Texas, and the victim did not receive any of the money, the defendant argues that he is entitled to an offset of this amount.[1]

The legality of a restitution order is reviewed de novo; the factual findings underlying the order are reviewed for clear error; and the amount of restitution reviewed for abuse of discretion. *United States v. Quarrell*, 310 F.3d 664, 676 (10th Cir. 2002). Because federal courts do not possess the inherent authority to order restitution, they must be explicitly empowered to do so by statute. *Id.*

---

[1] The government argues that the defendant stipulated to the amount of restitution in the plea agreement. However, the agreement states: "To the extent the parties disagree about the sentencing factors, the computations below identify the factors which are in dispute ... K. Restitution jointly and separately with the other defendants of at least the amount taken during the commission of the robbery, here, $57,295.00 of federally insured money." Plea Agreement and Statement of Facts Relevant to Sentencing, at p. 5, 7. Thus the government's contention is without merit.

Under the Mandatory Victims Restitution Act of 1996 (MVRA), the district court must order restitution to victims of specified crimes, including the one to which the defendant pled guilty. *See* 18 U.S.C. § 3663A(a)(1), (c)(1)((A)(i). MVRA's primary purpose is to force offenders to "pay full restitution to the identifiable victims of their crimes." *United States v. Reano*, 298 F.3d 1208, 1211 (10th Cir. 2002) (quotes omitted). This also "ensure[s] that the offender realizes the damage caused by the offense and pays the debt owed to the victim as well as to society." *Id*. at 1212. A restitution order must be based on actual loss. *United States v. Quarrell*, 310 F.3d at 680.

Under MVRA, the court resolves any dispute as to the proper amount of restitution by a preponderance of the evidence, with the government bearing the burden of demonstrating the amount of loss. 18 U.S.C. § 3664(e). The district court "shall order restitution to each victim in the full amount of each victim's losses as determined by the court ...." *Id*. § 3664(f)(1)(A). The amount of restitution "shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim" in any federal or state proceedings. *Id*. § 3664(j)(2). However, "in no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution." *Id*. § 3664(f)(1)(B).

Thus, under the plain language of the statute, the district court could not reduce restitution by the amount retained by Texas. *See United States v. Alalade*, 204 F.3d 536, 540 (4th Cir.) ("[T]he plain language of the MVRA did not grant the district court discretion to reduce the amount of restitution required to be ordered by an amount equal to the value of the property seized from [the defendant] and retained by the government in administrative forfeiture."), *cert. denied*, 530 U.S. 1269 (2000).

Even if we were to agree that the defendant may be entitled to an offset, he failed to present any evidence that the victim would be able to obtain the money from Texas authorities. Accordingly the district court did not abuse its discretion in not awarding the offset.

**AFFIRMED**. The mandate shall issue forthwith.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-4-