**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 3, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ABBY LYNN VOSS,

      Defendant-Appellant.

No. 04-5180
(D.C. No. 04-CR-103-JHP)
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge. and **KELLY**, Circuit Judge.

On June 10, 2004, Abby Lynn Voss, the defendant, was charged in a one-count indictment with possession of stolen mail, knowing the mail had been stolen, in violation of 18 U.S.C. § 1708. On July 28, 2004, the defendant pled guilty to that charge, pursuant to a plea agreement with the government. On November 3, 2004, the defendant was sentenced to 30 months imprisonment, to be followed by three years of supervised release and was also ordered to pay as restitution the sum of $15,772.62. On November 12, 2004, defendant filed a notice of appeal. On appeal, the defendant raised one issue,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

namely whether the district court erred in ordering the defendant to make restitution in the amount of $15,772.62, instead of the sum of $5,000.00, the latter being the sum the defendant admits she owes her victims.

On December 21, 2004, the United States filed in this Court a "Motion to Enforce Plea Agreement," asking that this Court enforce the plea agreement between the government and the defendant, wherein, according to the government, the defendant "waived her right to appeal." On March 25, 2005, another panel of this Court denied the government's Motion to Enforce Plea Agreement, holding that "this appeal is not within the scope of the waiver . . . ," and citing *United States v. Hahn*, 359 F3d. 1315 (10th Cir. 2004). That panel then ordered that "briefing on the merits shall proceed." After briefing, the present panel heard oral argument on September 16, 2005.

As stated, the only issue raised in this appeal the defendant frames as follows: "Did the trial court abuse its discretion when it ordered Abby Voss to pay $15,772.62, in restitution instead of the sum of $5,000, which she admits and claims should be her maxim (sic), as did the Government at her Plea of Guilty?" We answer that question in the negative.

As mentioned, the defendant pled guilty to having in her possession letters and mail matter which had been stolen from the U.S. Mail, knowing that such had been stolen. From the presentence report, we learn that the defendant, and several others, some of whom were separately indicted, were a "ring" that had been stealing mail from

residential mail boxes which "had the flag out." The defendant, and the others, then

"altered" some of the stolen checks, "counterfeited" other stolen checks, and passed them,

or attempted to pass them, to various business establishments.

At the change of plea hearing, the government apparently informed the magistrate

judge that the defendant's loss "should probably be no more than $5,000." In connection

with restitution, the plea agreement itself contained the following:

> C. Restitution
>
> The Court can order the Defendant to pay restitution for the full loss caused by Defendant's conduct set forth above. The Defendant agrees the Court's consideration of the amount of restitution shall NOT be limited to the amounts alleged in the counts to which the Defendant is pleading guilty, and may include stipulated amounts as set forth below pursuant to Title 18, U.S.C. § 3663. The Defendant further agrees that any amount ordered by the Court to be paid as restitution may not be discharged, in whole or in part, in any bankruptcy proceeding.
>
> If the offense of conviction occurred after April 24, 1996, restitution is mandatory without regard to the Defendant's ability to pay.

Also, at the change of plea hearing, the following colloquy between the district

court and the defendant occurred:

> THE COURT: Okay. Do you understand that the Court has not participated in any way, in any discussions regarding your plea and the Court is not bound by the plea agreement?
>
> THE DEFENDANT: I understand.
>
> THE COURT: Okay. Do you further understand that the

terms of the plea agreement are merely recommendations to the Court and the Court can reject the recommendations without permitting you to withdraw your plea of guilty and impose a sentence that is more severe than you may anticipate?

THE DEFENDANT: Yes.

The defendant later objected to the recommendation in the presentence report that the defendant pay restitution in the amount of $15,772.62. A hearing was later held on this objection. During that hearing, the following colloquy occurred between the Court and defense counsel:

THE COURT: The question I have is if when your client entered her plea of guilty, she agreed to pay restitution or (sic) all relevant conduct?

MR. SHORT: That's right, she did.

THE COURT: And that's still her position, your position today?

MR. SHORT: We talked about that at the time we went over the plea agreement, Your Honor, and I said, "I don't know what that is going to amount to, Ms. Voss." And she said, "Well, I'm not sure I do either." (Emphasis added.)

It was in this general setting that the district court overruled the defendant's objection and ordered the plaintiff to pay restitution in the amount of $15,772.62.[1]

---

[1]18 U.S.C. § 3664(e) provides that "Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government."

We reject out of hand any suggestion that the district court was somehow bound by the prosecutor's off-hand statement at the change of plea hearing that any restitution order would "probably" be in the amount of $5,000.00. Defense counsel and the defendant were fully and forcefully informed by the district court that the district court, the court not being a party to the plea agreement, was <u>not</u> bound by the terms of the agreement, and, such being the case, it would follow that it would not be bound by "predictions" made by government counsel concerning the agreement. The agreement speaks for itself. In this general regard, it is, of course, well established that in sentencing a defendant in a criminal proceeding, the district court is not bound by the plea agreement, let alone statements made by defense counsel, or the government, in connection with a defendant's entry of a plea of guilty pursuant to a plea agreement. *See generally, United States v. Vance,* 868 F.2d 1167 (10th Cir. 1989) and *United States v. Medina,* 4 Fed. Appx. 595 (10th Cir. 2001).

In overruling the defendant's objection to the presentence report, the district court held that the defendant had, in fact, participated in cashing, or attempting to cash the checks in question, whether they were "altered" checks or "counterfeited" checks. In this regard, we would note that 18 U.S.C. § 3664(h) provides as follows:

> If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

As above stated, the defendant's only argument on appeal is that the district court "abused its discretion" in ordering restitution in the amount of $15,772.62. We review an order of restitution for abuse of discretion. *United States v. Reano,* 298 F.3d 1208, 1210 (10th Cir. 2002). We now hold that, under the described circumstances, the district court did not abuse its discretion. The defendant was a part of a check ring operated in concert with several others. The defendant, apparently, primarily "altered" stolen checks, and others in the ring "counterfeited" stolen checks, but all were involved, one way or another, in passing the checks, and were clearly part of a "common scheme." In this connection, counsel in his brief concedes that the defendant did, in fact, participate, at least to a limited degree, in passing some counterfeited checks. In any event, all things considered, the district court did not abuse its discretion.

Judgment affirmed.


Entered for the Court


ROBERT H. McWILLIAMS
Senior Circuit Judge