**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 13, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LONNIE M. BROWN,

Defendant - Appellant.

No. 07-2045

D. N.M.

(D.C. No. CR-05-474 JC)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **BRORBY**, and **GORSUCH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

After pleading guilty to one count of assault resulting in serious bodily injury, Lonnie M. Brown was sentenced to twenty-seven months imprisonment, followed by three years of supervised release. Brown was ordered to pay

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

restitution to the victim pursuant to the Mandatory Victims Restitution Act

("MVRA"), 18 U.S.C. § 3663A, in the amount of $23,890.02 for treatment at the

Gallup Indian Medical Center, and $4,055.00 for Native American Holistic

Services.[1] The court did not provide any justification for the restitution award,

despite the fact that Brown filed a formal objection to the portion of the

Presentence Report relating to restitution for the Native American Holistic

Services and raised his objections to both the amount and type of this claim at the

sentencing hearing.[2]

On appeal, Brown contends that the district court erred because the court

did not resolve the dispute concerning the restitution for the Native American

Holistic Services by a preponderance of the evidence and did not place findings

of fact on the record supporting the award. *See* 18 U.S.C. § 3664(e) ("Any

dispute as to the proper amount or type of restitution shall be resolved by the

court by the preponderance of the evidence."); *United States v. Reano*, 298 F.3d

---

[1] The MVRA provides "when sentencing a defendant convicted of [assault resulting in serious bodily injury], the court shall order . . . that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1). The order of restitution shall require the defendant "pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment." 18 U.S.C. § 3663A(b)(2)(A).

[2] The probation officer responded to Brown's objections by suggesting that the district court review the restitution amount to determinate whether it was appropriate. The government did not respond to Brown's objections, either in writing or at the sentencing hearing.

1208, 1210-11 (10th Cir. 2002) ("The district court must support its restitution order with findings of fact in the record.") (internal quotations and citation omitted). The government concedes that the district court erred in this regard. Thus, the only issue is whether the restitution award of $4,055.00 for Native American Holistic Services should be vacated because the government failed to prove the facts underlying the award, as Brown contends,[3] or whether the district court should be instructed to determine what amount, if any, is proper based on the existing record.[4]

Brown cites our recent decision in *United States v. Hudson*, 483 F.3d 707 (10th Cir. 2007), in support of his argument. There, we reversed and vacated the district court's restitution order, holding "[b]ecause the government failed to prove that Microsoft suffered any actual loss, no restitution should have been ordered." *Id.* at 711. We rejected the government's assertion that the defendant's

---

[3] It is not entirely clear what relief Brown seeks. At one point, he argues that the restitution order should be vacated, with instructions that Brown be resentenced "on the existing record." (*See* Reply Br. at 2.) Later, he argues that the district court should be instructed to order restitution of only the amount undisputed by Brown – presumably, only for treatment at the Gallup Indian Medical Center. (*Id.* at 5.)

[4] Brown argues that the government should not be allowed to present additional evidence supporting the restitution award, but the government does not appear to be seeking this relief. The government requests that this case "be remanded to the district court for it to make specific findings with respect to the amount of restitution payable . . . ." (*See* Answer Br. at 12.)

actions deprived Microsoft of potential sales, and found no other basis in the record for a restitution award. *Id.*

Here, by contrast, there is a basis in the record for at least a portion of the restitution award for Native American Holistic Services.[5] However, the district court failed to make any specific findings supporting his award. Thus, we remand so the district court may make specific findings with respect to the amount of restitution payable, if any, for Native American Holistic Services. The government shall not have a "second bite at the apple," and the district court must make its findings on the evidence already in the record. *See United States v. Campbell*, 372 F.3d 1179, 1182 (10th Cir. 2004) ("we decline to give [the government] a second bite at the apple. . . . [o]ur reversal and remand for resentencing here does not invite an open season for the government to make the record that it failed to make in the first instance") (internal citations and quotations omitted); *see also United States v. Poor Bear*, 359 F.3d 1038, 1043 (8th Cir. 2004) (directing that "resentencing be conducted on the existing record without the opportunity to reopen or add to the record"); *United States v. Noble*, 367 F.3d 681, 682 (7th Cir. 2004) ("the law does not allow" the government to have "a second opportunity to meet the burden that it failed to carry at the original sentencing hearing"); *United States v. Hudson*, 129 F.3d 994, 995 (8th

---

[5] We note, however, the itemized expenses listed for Native American Holistic Services total $3,755.00, not $4,055.00, and there has been no explanation as to the $300 discrepancy.

Cir. 1997) ("Because we have clearly stated the governing principles as to when and how disputed sentencing facts must be proved, we direct that resentencing on remand be conducted on the existing sentencing record, with no opportunity for either party to reopen or add to that record.").

For the foregoing reasons we **VACATE** the portion of the district court's restitution order which ordered Brown to pay $4,055.00 for Native American Holistic Services, and we **REMAND** to the district court to make specific findings based on the record evidence with respect to the amount of restitution payable, if any, for Native American Holistic Services.

FOR THE COURT:

Terrence L. O'Brien
United States Circuit Judge