**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0626n.06

No. 11-1421

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jun 15, 2012*
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| BILLY OWENS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: BOGGS and COLE, Circuit Judges; OLIVER, Chief District Judge.[*]

PER CURIAM. Billy Owens appeals his conviction for conspiring to alter, remove, and obliterate vehicle identification numbers as well as the district court's restitution order. We affirm Owens's conviction, vacate the restitution order, and remand for further proceedings consistent with this opinion.

In 2009, a federal grand jury charged Owens and eleven other defendants with conspiring to alter, remove, and obliterate vehicle information numbers ("VINs") in violation of 18 U.S.C. §§ 371 and 511. Following a bench trial in which three co-defendants testified against Owens, the district court found him guilty. The district court sentenced Owens to three years of probation, including 180 days of home confinement, and ordered him to pay restitution jointly and severally with his co-

---

[*]The Honorable Solomon Oliver, Jr., Chief United States District Judge for the Northern District of Ohio, sitting by designation.

defendants in the amount of $70,000. Owens timely appealed, challenging the sufficiency of the evidence to support his conviction and the restitution order.

"When a defendant challenges his conviction after a bench trial based on insufficiency of the evidence, we must determine whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Bronzino*, 598 F.3d 276, 278 (6th Cir. 2010) (citation and quotation marks omitted); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In reviewing the sufficiency of the evidence, we do not weigh the evidence, assess the credibility of the witnesses, or substitute our judgment for that of the trier of fact, but instead draw all reasonable inferences in support of the verdict. *United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006).

To convict Owens of the charged conspiracy, the government was required to prove: (1) that two or more persons conspired to alter, remove, and obliterate VINs; (2) that Owens willfully joined the conspiracy; (3) that one or more co-conspirators did at least one of the overt acts described in the indictment; and (4) that the overt act was done in furtherance of the conspiracy. *See United States v. Fisher*, 648 F.3d 442, 447 (6th Cir. 2011) (setting forth elements of conspiracy charge). "[P]roof of a formal agreement is not necessary; a tacit or material understanding among the parties will suffice." *United States v. Martinez*, 430 F.3d 317, 330 (6th Cir. 2005) (citation and quotation marks omitted).

Here, the government produced evidence that Owens, the owner of a junkyard, provided VINs to James Wallace, who then used the VINs to "retag" stolen vehicles. Co-conspirators David Jones and William Jablonski testified that they assisted Wallace in stealing vehicles. Wallace would then replace the stolen vehicle's VIN with the VIN from a wrecked vehicle. Jones and Jablonski testified that they accompanied Wallace to Owens's junkyard to obtain VINs on multiple occasions.

According to Wallace, he informed Owens that the VINs that he obtained from him were to be used for stolen property. Wallace further testified that Owens purchased a stolen and retagged tow truck from him in exchange for three VINs and approximately $1400. This testimony presented by the government was sufficient for the district court to conclude beyond a reasonable doubt that Owens was guilty of the charged conspiracy.

Owens contends that there was insufficient evidence to support the conspiracy conviction based on the district court's remark in denying his motion for judgment of acquittal that "the proof of alteration, obliteration, removal of vehicle identification numbers is thin and probably not adequate to support a substantive charge of doing that activity." But as the district court pointed out: "This is a charge of conspiracy, it's not a charge of altering, removing, obliterating vehicle identification numbers . . . ." *See United States v. Fife*, 573 F.2d 369, 373 (6th Cir. 1976) ("The commission of a substantive offense and a conspiracy to commit it are separate and distinct crimes . . . ."). "The essence of a conspiracy is the agreement to commit the offense and not the commission of the substantive offense." *United States v. Hughes*, 505 F.3d 578, 588 (6th Cir. 2007). There was sufficient evidence of such an agreement in this case.

Owens also argues that the district court erred by reserving decision on his motion for judgment of acquittal made at the conclusion of the government's case. *See United States v. Reifsteck*, 841 F.2d 701, 703 (6th Cir. 1988). The district court's error was harmless because, as discussed above, the evidence presented by the government was sufficient to support Owens's conviction. *See id*.

Because Owens did not object to the district court's restitution order at sentencing, we review for plain error. *United States v. Reaume*, 338 F.3d 577, 585 (6th Cir. 2003). The government concedes that the district court's restitution order must be vacated because the order failed to comply

with the procedural requirements of the Mandatory Victims Restitution Act ("MVRA"). The MVRA requires the district court to "order the probation officer to obtain and include in its presentence report . . . information sufficient to exercise its discretion in fashioning a restitution order," including "a complete accounting of the losses to each victim." 18 U.S.C. § 3664(a). The government bears the burden of demonstrating the amount of victim loss and, upon the probation officer's request, must provide a listing of the amounts subject to restitution. *Id.* § 3664(d)(1), (e). Owens's presence report stated that victim information had not been received, yet recommended restitution in the amount of $70,000. The district court ordered restitution based upon that recommendation, noting that the government was to provide the names and addresses of the payees. Because the district court plainly erred by entering the restitution order without any victim information, in violation of the MVRA's requirements, we vacate the restitution order and remand the case to allow the government to provide the probation office and the district court with the necessary information. The district court is directed to enter any restitution order within ninety days of our mandate. *See* 18 U.S.C. § 3664(d)(5); *United States v. Reano*, 298 F.3d 1208, 1212-13 (10th Cir. 2002).

For the foregoing reasons, we AFFIRM Owens's conviction, VACATE the district court's restitution order, and REMAND for proceedings consistent with this opinion.