GORSUCH, Circuit Judge,
concurring in the judgment.
The path I’ve followed in deciding this case could be fairly accused of being exceedingly narrow and maybe even mundane. But I believe it’s sufficient to the day’s work all the same.
When it comes to Mr. Alisuretove’s prison sentence, I wouldn’t pass on the question what losses are and aren’t properly attributable to him. Even subtracting everything he says shouldn’t be counted, Mr. Alisuretove is still responsible for over $200,000 in losses and finds himself facing the same 12-level offense enhancement the district court applied. So' even assuming (without granting) the district court erred in its loss calculations, nothing changes. See U.S.S.G. § 2Bl.l(b)(l)(G).
When it comes to the restitution award, I wouldn’t express a view on how far a district court may or may not go in requiring a defendant to repay losses arising after the conspiracy’s end for again I stumble over an even more basic problem. The materials before us contain only a probation officer’s list of banks and amounts, without any accompanying factual findings from the district court attempting to link the listed banks and their putative losses to Mr. Alisuretove or his conduct. Sufficient factual findings along *1260 these lines may well be possible, indeed they might be quickly supplied on remand, but I just don’t see any way to question their necessity under the statute and our existing precedent. See 18 U.S.C. § 3663A(a)(2); United States v. Reano, 298 F.3d 1208, 1210-11 (10th Cir.2002) (“The district court must support its restitution order with findings of fact in the record.” (internal quotation marks omitted)). No doubt the court and parties rightly focused most of their attention at the sentencing hearing in this case on the task of ensuring a fair prison term. But when restitution is part of the sentencing equation a district court and the parties must ensure this portion of the defendant’s sentence is individualized and considered too, not mechanically applied based on no more than a cryptic and unexplained note from a probation officer. See United States v. Sabillon-Umana, 772 F.3d 1328, 1330 (10th Cir.2014).
With that much said — as little as it admittedly is — this appeal may be to my mind fully resolved.